IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:06cr241-CSC |
| | ) | |
| BRANDI C. MCGINN | ) | |

**OPENING INSTRUCTIONS FOR JURY**

Members of the jury:

You have now been sworn as the jury to try this case. By your verdict(s) you will decide the disputed issues of fact. I will decide all questions of law that arise during the trial, and before you retire to deliberate together and decide the case at the end of the trial, I will instruct you on the rules of law that you must follow and apply in reaching your decision.

This is a criminal case commenced by the United States, which I may sometimes refer to as "the prosecution" and sometimes as "the government," against **BRANDI C. MCGINN**, the defendant. This case is based on an information, which reads as follows:

**On or about the 30th day of August 2006, at the Army Air Force Exchange Service (AAFES), at Maxwell Air Force Base, in the Middle District of Alabama, BRANDI C. MCGINN did steal merchandise of a value of less than one thousand dollars ($1000.00), the property of the United States, in violation of Title 18, Section 641, United States Code.**

You should distinctly understand that the information is simply a <u>charge</u> and that it is not in any sense evidence of the allegations it contains.

The defendant has pleaded "not guilty" to the information. The government, therefore, has the burden of proving each of the essential elements of the information beyond a reasonable doubt. The purpose of the trial is to determine whether the government has met this burden.

Title 18, United States Code, Section 641, makes it a federal crime for anyone to steal any money or property belonging to the United States having a value of less than $1000.

The defendant can be found guilty of this offense only if all of the following facts are proved beyond a reasonable doubt:

<u>First</u>:   That the money or property described in the information belonged to the United States government;

<u>Second</u>:   That the defendant stole or converted such money or property to her own use; and

<u>Third</u>:   That the defendant did so knowingly and willfully with intent to deprive the United States of the use or benefit of the money or property so taken.

The trial will proceed in the following order. First, the parties have the opportunity to make opening statements. The government may make an opening statement at the beginning of the case. The defendant may make an opening statement following the opening statement for the government. Neither party is obliged to make an opening statement. What is said in the opening statements is not evidence. The statements simply serve the purpose of an introduction to the evidence which the party making the statement intends to produce.

Second, the government will introduce evidence in support of the charges contained in the information.

Third, after the government has presented its evidence, the defendant may present evidence but is not obliged to do so. The burden is always on the government to prove every element of the offense charged beyond a reasonable doubt. The law never imposes on the defendant in a criminal case the burden of calling any witnesses or introducing any evidence.

Fourth, at the conclusion of the evidence, each party has the opportunity to present oral argument in support of his or her case. What is said in closing arguments is not evidence, just as what is said in the opening statements is not evidence. The arguments are designed to present to you the contentions of the parties as to what the evidence has shown and what inferences may be drawn from the evidence. The government has the right to open and close the argument.

Fifth, I will instruct you on the applicable law and you will then retire to consider your verdict. Your verdict must be unanimous.

Your purpose as jurors is to find and determine the facts. Under our system of criminal procedure, you are the sole judges of the facts. If at any time I should make any comment regarding the facts, you are at liberty to disregard it. It is especially important that you perform your duty of determining the facts diligently and conscientiously for, ordinarily, there is no means of correcting an erroneous determination of the facts by a jury.

On the other hand, and with equal emphasis, I instruct you that the law as given by the court constitutes the only law for your guidance and it is your duty to accept

and follow it. It is your duty to follow the law as I give it to you even though you may disagree with the law. You are to determine the facts from the testimony you hear and the other evidence introduced in court. It is up to you to determine the inferences which you feel may properly be drawn from the evidence. The parties may sometimes present objections to some of the testimony or other evidence. It is the duty of a lawyer to object to evidence which he believes may not properly be offered, and you should not be prejudiced in any way against a lawyer who makes objections against the party he represents. At times I may sustain objections or direct that you disregard certain testimony or exhibits. You must not consider any evidence to which an objection has been sustained or which I have instructed you to disregard. You must not consider anything you have read or heard about the case outside the courtroom, whether before or during the trial. In considering the weight and value of the testimony of any witness you may taken into consideration the appearance, attitude and behavior of the witness, the interest of the witness in the outcome of the case, if any, the relation of the witness to any party in the suit, the inclination of the witness to speak truthfully or not, the probability or improbability of the witnesses' statements, and all other facts and circumstances and evidence. Thus, you may give the testimony of any witness such weight and value as you believe the testimony of the witness is entitled to receive.

    No statement, ruling, remark or comment that I may make during the course of the trial is intended to indicate my opinion as to how you should decide the case or to influence you in any way in your determination of the facts. At times, I may ask questions of witnesses. If I do so, it is for the purpose of bringing out matters which

I feel should be brought out, and not in any way to indicate my opinion about the facts or to indicate the weight I feel you should give to the testimony of the witness. I may also find it necessary to admonish the lawyers and, if I do, you should not show prejudice toward a lawyer or his client because I have found it necessary to admonish him.

During the trial it may be necessary for me to confer with the lawyers from time to time out of your hearing concerning questions of law or procedure that require consideration by the Court alone. On some occasions you may be excused from the courtroom as a convenience to you and to us while I discuss such matters with the lawyers. I will try to limit such interruptions as much as possible, but you should remember at all times the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

Under the federal system of criminal procedure, you are not to concern yourself in any way with the sentence which the defendant might receive if you should find her guilty. Your function is solely to decide whether the defendant is guilty or not guilty of the charges against her. If, and only if, you find her guilty of the charge, then it becomes the duty of the court to pronounce sentence. Until this case is submitted to you, you must not discuss it with anyone, even with your fellow jurors. After it is submitted to you, you must discuss it only in the jury room with your fellow jurors. It is important that you keep an open mind and not decide any issue in the case until the entire case has been submitted to you under instructions of the court.